## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ALLIANCE SOLUTIONS GROUP LLC**<br>6161 Oak Tree Blvd.<br>Independence, Ohio 44131<br><br>**Plaintiff**,<br><br>v.<br><br><br>**BLIANT SPECIALTY HOSPITAL, LLC**<br>14500 Hayne Blvd<br>New Orleans, LA 70128<br><br>Also serve:<br>Juanita Bonds<br>210 Baronne Street, Unit 716<br>New Orleans, LA 70112<br><br>**Defendant**. | Case No.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR MONEY DAMAGES

Plaintiff Alliance Solutions Group LLC ("Alliance"), for its Complaint for money damages against Defendant Bliant Specialty Hospital, LLC ("Bliant") (Alliance and Bliant, together, the "Parties"), alleges as follows:

### NATURE OF THE ACTION

1. Alliance is in the business of providing personalized staffing and recruitment services to a wide range of industries, including the healthcare industry.

2. Bliant is a Long Term Care Hospital located in New Orleans, Louisiana.

14211980 v2

3. In the midst of the COVID-19 pandemic, Bliant contacted Alliance seeking to staff crucial "COVID assignments," or positions that work with, or have the potential to work with, Bliant's COVID-positive patients.

4. Alliance agreed to provide Bliant with travel Registered Nurses, Certified Nurse Assistants, and a local Registered Nurse, to properly staff Bliant's needs. In exchange for the Alliance's staffing of the valuable medical personnel, Bliant agreed to pay Alliance in accordance with a contractually agreed rate. To memorialize the agreement, the Parties entered into a Staffing Services Agreement (the "Agreement"), dated July 20, 2020. (*See* Staffing Services Agreement ("Agreement"), attached hereto as **Exhibit 1**).

5. Alliance provided the staffing services as agreed, and the medical personnel carried out their contractual duties with Bliant from July 2020 through November 2020.

6. Despite numerous demands, Bliant has failed to pay Alliance the contractually-required amounts since August 16, 2020. Thus, Bliant openly and flagrantly breached its contract with Alliance, while it simultaneously reaped the benefits of Alliance's staffing services to its most vulnerable patients. The amount due and owing to Alliance currently stands at a minimum of $841,600.80.

## THE PARTIES

7. Plaintiff Alliance is an Ohio limited liability company with a principal place of business located at 6161 Oak Tree Blvd., Independence, Ohio 44131.

8. Defendant Bliant is a Louisiana limited liability company with a principal place of business located at 14500 Hayne Blvd., New Orleans, Louisiana 70128.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Alliance, a citizen of Ohio, and the only Defendant,

Bliant, a citizen of Louisiana; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. This Court has personal jurisdiction over Bliant under Fed. R. Civ. P. 4(k)(1)(A) and Ohio Rev. Code § 2307.382(A)(1), because the claims asserted herein arose through Bliant's transaction of business in this judicial district pursuant to the Agreement. In addition, an independently sufficient basis for personal jurisdiction over Bliant arises from its written consent in the Agreement to the "jurisdiction of any state or federal court in Cuyahoga County, Ohio for the resolution of any dispute arising out of or relating to this Agreement." (Agreement, at 8.l).

11. Venue is proper within this district under the provisions of 28 U.S.C. § 1391(b) in that the events or omissions giving rise to the claims are occurring in this judicial district. Further, when entering into the Agreement at issue, the Parties agreed to venue in this district. (*Id.*).

## FACTUAL BACKGROUND

12. In July 2020, Bliant sought out Alliance to assist Bliant with staffing its care facility. Specifically, Bliant required medical personnel, including Registered Nurses and Certified Nurse Assistants, to work with, or to have the potential to work with, Bliant's COVID-positive patients.

13. The Parties entered into the Agreement on or about July 20, 2020.

14. Pursuant to Section 1 of the Agreement, Alliance agreed to provide Bliant with: (a) staffing services and the provision of qualified employees (the "Assigned Medical Personnel"); (b) worker's compensation and health insurance for the Assigned Medical Personnel; and (c) screening services for the Assigned Medical Personnel, among other things. Exhibit 1.

15. Pursuant to Section 2 of the Agreement, Bliant agreed to supervise the day-to-day job duties of the Assigned Medical Personnel and to provide minimum working hours, equipment,

supplies, and training to the Assigned Medical Personnel, among other various day-to-day legal responsibilities. *Id*.

16. In exchange for Alliance's provision of the staffing services of the Assigned Medical Personnel, Bliant agreed to the payment provisions under Section 4 of the Agreement. Under Section 4.a, Bliant agreed to pay "at the rate set forth in Exhibit A, and also agrees to pay any additional costs and fees set forth in this Agreement." *Id*.

17. Under Section 4.a, Bliant also agreed that Alliance would reserve the right, at its discretion, "***to charge [Bliant] a LATE FEE for any account that is more than thirty (30) days overdue. This LATE FEE will be charged monthly at a rate equal to 2% of all amounts overdue. This LATE FEE charge will not exceed the amount allowed by law. Any payments made using [Bliant's] CREDIT or DEBIT CARD for PAST DUE INVOICES will be charged the standard 3% Bank Service Fee for processing.***" (Emphasis in original).

18. Exhibit A of the Agreement provided varying hourly rates for the Assigned Medical Personnel based on discipline, travel, and COVID-19 related work. (*See* Agreement, at Exhibit A).

19. Beyond the payment terms described above, the Parties also agreed on attorneys' fees in the event of future litigation to enforce the Agreement as described, in relevant part, below:

> In the event any legal … proceeding is commenced for the purpose of … enforcing any provision of this agreement, the prevailing party in such proceeding will be entitled to recover its reasonable attorney's fees and related expenses (including but not limited to expert witness fees, transcript costs and other similar expenses) in such proceedings and any appeal thereof, in addition to the costs and disbursements allowed by law.

(*See* Exhibit 1, at 8.m).

20. At all times relevant, Alliance performed its contractual obligations and issued hourly invoices to Bliant at the agreed rates described in Exhibit A to the Agreement.

21. Bliant, however, never made the contractually required payments under the Agreement and failed to pay any invoice issued under the Agreement from August 16, 2020 through November 22, 2020.

22. Nonetheless, at all times relevant, Alliance continued to provide the critical staffing services to Bliant in good faith, and Bliant continuously benefited from such services.

23. In addition, Alliance has made multiple unsuccessful demands to Bliant regarding payment of the sums due and owing under the Agreement, as described on the unpaid weekly invoices (the "Outstanding Invoices").

24. Bliant's continued failure to pay constitutes a material default and breach of the Agreement. Accordingly, in late November 2020, Alliance terminated the Agreement for cause pursuant to Section 5 of the Agreement.

25. At the time of filing this Complaint, Bliant owes Alliance approximately $841,600.80 in Outstanding Invoices, not including the contractually agreed upon late fees, attorneys' fees, plus interest, under the terms of the Agreement.

## COUNT I
### (Breach of Contract)

26. Alliance incorporates the foregoing allegations of the Complaint as if fully rewritten herein.

27. The Agreement is a valid and binding contract between Alliance and Bliant, and remained in effect from July 20, 2020, through termination in late November 2020.

28. Alliance has substantially performed all of its obligations under the Agreement.

29. Bliant has payment obligations under the Agreement that it has failed to perform and refused to perform despite adequate opportunities to make the required payments.

30. Specifically, Bliant has continuously failed to make any payment to Alliance, with at least $841,600.80 due and owing in Outstanding Invoices alone.

31. As a direct and proximate result of this non-payment, Alliance has suffered monetary damages.

32. To the extent there are any conditions precedent to Alliance's enforcement of the Agreement against Bliant, Alliance has satisfied those conditions.

33. As a result of Bliant's breach of the Agreement, it is liable to Alliance for damages in an amount to be proven at trial of at least $841,600.80, plus the contractually agreed upon late fees and attorneys' fees, and interest and costs.

## COUNT II
### (Unjust Enrichment—in the alternative)

34. Alliance incorporates the foregoing allegations of the Complaint as if fully rewritten herein.

35. In the midst of the COVID-19 pandemic, Bliant has undeniably received significant value from the medical staffing services that Alliance provided under the terms of the Agreement.

36. Bliant has not made any payment to Alliance despite Alliance continuing to perform its contractual obligations at all times until termination in late November 2020.

37. During this time, Bliant continued to receive the benefit of the Alliance's staffing services and the Assigned Medical Personnel, while at the same time withholding payment for such critical services.

38. It is unjust for Bliant to retain the value it received from Alliance's staffing services through November 2020, without fully compensating Alliance for such services.

39. To the extent the Agreement is not fully enforceable for any reason, Bliant should be required to fully compensate Alliance for the critical services, in an amount to be proven at trial, but not less than $841,600.80, plus interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, as to all Counts herein, Alliance prays that the Court enter an Order granting the following alternative and cumulative relief:

A. Damages for breach of the Agreement to be proven at trial totaling at least $841,600.80, plus the contractually agreed upon late fees, attorneys' fees, pre- and post-judgment interest and costs.

B. Damages in the alternative for unjust enrichment, for services and benefits received, in the amount of at least $841,600.80, plus pre- and post-judgment interest and costs.

C. Any other relief this Court deems just and proper, including an award of costs, interest, and attorneys' fees under the Agreement and/or any applicable law.

Respectfully submitted,

*/s/ Michael J. Meyer*
Michael J. Meyer (0087953)
John N. Dagon (0098128)
BENESCH, FRIEDLANDER, COPLAN &
 ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio  44114
Telephone:    216.363.4500
Facsimile:     216.363.4588
Email: mmeyer@beneschlaw.com
           jdagon@beneschlaw.com

*Attorneys for Plaintiff Alliance Solutions Group LLC*

## DEMAND FOR TRIAL BY JURY

Alliance respectfully demands trial by jury as to all matters triable of right to a jury.

                              Respectfully submitted,

                              */s/ Michael J. Meyer*
                              *One of the Attorneys for Plaintiff Alliance Solutions Group LLC*